```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                  CASE NO. 08-22709-CIV-ZLOCH
```

DEUTSCHE BANK NATIONAL TRUST,

      Plaintiff,

vs.                                **FINAL ORDER OF REMAND**

LINDSAY JENKINS, et al.,

      Defendants.
_____/

      THIS MATTER is before the Court upon Plaintiff Deutsche Bank National Trust's Motion For Remand (DE 2).  The Court has carefully reviewed the instant Motion and the entire court file and is otherwise fully advised in the premises.

      Plaintiff requests that the above-styled cause be remanded because the Court lacks subject matter jurisdiction over the case. Prior to the instant Notice Of Removal (DE 1), Defendant Lindsay Jenkins has previously sought to remove the case twice.  See DE Nos. 1 & 23, Case No. 08-80717-CIV-ZLOCH.

      The above-styled cause was originally filed in Florida state court and removed to this Court as Case No. 08-80717-CIV-ZLOCH.  At the time of the original removal, Defendant Lyndsay Jenkins claimed that this Court possessed diversity jurisdiction to entertain this action.  Further, Defendant alleged that she was a citizen of Florida.  The Court remanded the case because in-state defendants lack the ability to remove a case to federal court.  28 U.S.C. § 1441(b) (2006).

      Thereafter, Defendant filed an Amended Notice Of Removal (DE 23) in which she alleged she was a citizen of the United Kingdom.

Defendant also filed a Motion To Vacate (DE 24) the Court's Final Order Of Remand, a Motion To Consolidated Cases (DE 25), and a Motion To Recuse Judge Zloch (DE 26), all of which were denied by prior Order (DE 27).

Defendant, once again, is attempting to remove this case to federal court. However, it is well established that 28 U.S.C. § 1447(d) prohibits review of a remand order "on appeal or otherwise." Because a second removal on the same grounds is, in essence, a request for review of a remand order by a district court, such removal "does not reinvest the court's jurisdiction." Seedman v. United States District Court for the Central District of Florida, 837 F.2d 413, 414 (9th Cir. 1988). There are very limited circumstances when a Party may remove a case a second time. In those instances, the basis for the second removal must differ from the first. That is, a pleading must establish that the Court's consideration of the second removal is more than reconsideration of the "same grounds" upon which the case was first removed. See Midlock v. Apple Vacations West, Inc., 406 F.3d 453, 457-58 (7th Cir. 2005); see also TKI, Inc. v. Nichols Research Corp., 191 F. Supp. 2d 1307, 1310 (M.D. Ala. 2002) (finding that the filing of a second notice of removal was appropriate where by subsequent affidavit "Plaintiff . . . contradicted the very affidavit which the court relied on in remanding the case"). By filing a second notice of removal based on the same facts and allegations, the Defendant is simply attempting to "circumvent section 1447(d)'s

2

prohibition on reconsideration." Nicholson v. National Accounts, Inc., 106 F. Supp. 2d 1269, 1271 (S.D. Ala. 2000).

A second notice of removal is permitted under § 1446(b), provided that it is "through service of a copy of an amended pleading, motion, order, or other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b) (2006). Courts have adopted the general rule to accompany the statute's language, that a second notice of removal requires a voluntary act by the Plaintiff. See, e.g., Zea v. Avis Rent A Car System, Inc., 435 F. Supp. 2d 603, 606 (S.D. Tex. 2006) (citing Gaitor v. Pennisular & Occidental S.S. Co., 287 F.2d 252, 254 (5th Cir. 1961)). This voluntary act must affect the propriety of removal, and the basis for jurisdiction cannot be created by a defendant. Id.

Defendant's instant Notice of Removal (DE 1) relies entirely on the Complaint's jurisdictional basis as it existed at the time of the Court's first review, and, as such, Defendant seeks to remove the case on the same grounds: diversity of citizenship between the Parties. Although Plaintiff filed a Verified Amended Complaint To Foreclose Mortgage And To Enforce Lost Or Stolen Instrument (DE 1), nothing in said Complaint changes the jurisdictional basis for the instant Notice Of Removal.

Accordingly, and after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. That Plaintiff Deutsche Bank National Trust's Motion For

Remand (DE 2)be and the same is hereby **GRANTED**;

2. The above-styled cause be and the same is hereby **REMANDED** to the state forum for further proceedings in that this Court lacks subject matter jurisdiction over the same;

3. The Clerk of the United States District Court for the Southern District of Florida, is hereby **DIRECTED** to forward a certified copy of this Order to the Clerk of the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, Case No. 50 2007 CA 013509; and

4. To the extent not otherwise disposed of herein, all pending Motions are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___17th___ day of November, 2008.

　　　　　　　　　　　　　　　　　　/s/ William J. Z
　　　　　　　　　　　　　　　　　　WILLIAM J. ZLOCH
　　　　　　　　　　　　　　　　　　United States District Judge

Copies Furnished:

All Parties and Counsel of Record

Clerk, Circuit Court (Certified Copy)
Broward County, Florida
Case No. 50 2007 CA 013509